UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA HERRERA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>M. AGUILERA, et al.,<br><br>　　　　Defendants. | Case No. 24-cv-05786 BLF<br><br>**ORDER OF PARTIAL DISMISSAL AND SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

Plaintiff, a state parolee, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against prison officials at Salinas Valley State Prison ("SVSP") where he was formerly incarcerated. Dkt. No. 1. The Court dismissed the complaint with leave to amend to correct various deficiencies. Dkt. No. 3. Plaintiff filed an amended complaint. Dkt. No. 7.

**DISCUSSION**

**I.　Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## II.  Plaintiff's Claims

In the amended complaint, Plaintiff states two causes of action against the following defendants at SVSP: M. Aguilera, CCRA[1]; S. Ramirez, CCRA; G. Verduzco, CCRA; J. Payton, CCRA; Farley Principal; Borla, CDW; C. Schuyler, Warden; and R. Rodriguez, CCRA. Dkt. No. 7 at 2. The two causes of action are as follows: (1) Fifth and Fourteenth Amendment violations of due process for denying him "earned two milestone completion credits" ("MCCs") totaling forty-five days, *id.* at 2-4; and (2) violation of his right to equal protection by the denial of MCCs while similarly situated inmates received the MCCs, *id.* at 5-6. *Id.* at 7.

Because Plaintiff is paroled, he states a cognizable due process claim for the denial of credits. *See Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011) (where prisoner's claim would not "necessarily spell speedier release, suit may be brought under § 1983); *see also Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) (section 1983 action is the

---

[1] CCRA stands for "Correctional Case Records Analyst." The job description and duties include performing complex technical work in processing, maintenance, and control of inmate and parolee records, as well as preparing documents and records information relating to inmate classification, transfer, release from and return to prison, and other actions affecting legal status.
https://calcareers.ca.gov/CalHrPublic/Jobs/JobPostingPrint.aspx?jcid=334152

2

exclusive remedy for claims by state prisoners that do not "lie at the 'core of habeas corpus).

Regarding the second claim for equal protection violation, this claim in the original complaint was dismissed with leave to amend because Plaintiff failed to identify the protected class or explain how specific defendants' actions were discriminatory. Dkt. No. 3 at 3-4. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). When challenging his treatment with regard to other prisoners, courts have held that in order to present an equal protection claim a prisoner must allege that his treatment is invidiously dissimilar to that received by other inmates. *More v. Farrier*, 984 F.2d 269, 271-72 (8th Cir. 1993) (absent evidence of invidious discrimination, federal courts should defer to judgment of prison officials). The first step in determining whether the inmate's equal protection rights were violated is to identify the relevant class of prisoners to which he belongs. *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013). The class must be comprised of similarly situated persons so that the factor motivating the alleged discrimination can be identified. *Id.* at 1031

In his attempt to rectify the deficiency of this claim in the original complaint, Plaintiff alleges that he was "an incarcerated minority, a determinately sentenced youth offender and is now on parole" and "due to staff errors and discriminatory acts," he was not afforded equal protection. Dkt. No. 7 at 5. He alleges that "all those similarly situated incarcerated individuals, minorities, determinately sentenced youth offenders were afforded and received the MCCs" while he was not. *Id.* These allegations do not state an equal protection claim. Rather, Plaintiff would have to allege that everyone who earned MCCs received the credit but he did not because Defendants discriminated against him as

3

a member of a protected class, e.g., Hispanics. However, Plaintiff alleges that everyone who is like him, i.e., "minorities," did in fact get MCCs but he did not. At best Plaintiff has alleged some sort of error, but not discrimination based on his membership in a protected class which is necessary to state an equal protection claim.

Because Plaintiff was already afforded an opportunity to amend, the Court finds no good cause to grant him another opportunity where the deficiencies from the prior complaint remain the same. *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 830 (9th Cir. 2003) (district court's discretion to deny leave to amend particularly broad where plaintiff has previously filed an amended complaint); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Accordingly, this equal protection claim must be dismissed for failure to state a claim for relief.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The equal protection claim under the second cause of action is **DISMISSED** with prejudice for failure to state a claim for relief. This action shall proceed solely on the due process claim for the denial of MCCs.

2. The following Defendants shall be served at Salinas Valley State Prison:

    a. **M. Aguilera, CCRA**

    b. **S. Ramirez, CCRA**

    c. **G. Verduzco, CCRA**

    d. **J. Payton, CCRA**

    e. **Farley Principal**

    f. **Borla, CDW**

    g. **C. Schuyler, Warden**

    h. **R. Rodriguez, CCRA**

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody.  In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative complaint and any attachments thereto, Dkt. No. 7, the Court's initial screening order, Dkt. No. 3, this order of service, and a CDCR Report of E-Service Waiver form.  The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached.  CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form.  The clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service.  The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3.     No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

   a.     Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of

5

Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

       b.    **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

       4.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

       5.    Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

       6.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

       7.    All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated:  __April 11, 2025____

/s/ Beth Labson Freeman
BETH LABSON FREEMAN
United States District Judge

7

Order of Partial Dism. and Service
P:\PRO-SE\BLF\CR.24\05786Herrera_svc